## UNITED STATES v. TIFFANY.

### (Circuit Court, S. D. New York. May 31, 1902.)

### No. 2,653.

1. CUSTOMS DUTIES—CLASSIFICATION—WHITING.

A powder put up in small packages for use by jewelers in polishing metals, and composed of over 93 per cent. carbonate of lime, is whiting, and dutiable as such, under paragraph 46 of the tariff act of 1894, and not under paragraph 86, as an article composed of earthen or mineral substances not specially provided for.

Appeal by the United States from a Decision of the Board of United States General Appraisers Which Reversed the Decision of the Collector of Customs at the Port of New York.

The opinion of the board in the case appealed is as follows:

"The merchandise in question is an impalpable powder, which is shown by analysis to contain 93.24 per cent. carbonate of lime, 4.38 per cent. chloride of lime, 2.10 per cent. carbonate of potash, and 24 per cent. hygroscopic water. This powder is put up in small packages, and is used by jewelers to polish the surface of metals. It is alternatively claimed by the appellants to be dutiable at one-fourth of a cent per pound, under the provision of paragraph 46 of the act of August 28, 1894, for whiting. The collector classified the merchandise as an article composed of earthen or mineral substances [under paragraph 86 of said act]. We think the claim of the appellants is well founded. Whiting is chalk which has been dried, and afterwards ground, levigated, and again dried, and chalk, as we all know, is a soft mineral substance consisting almost entirely of carbonate of lime. Analysis having shown that the merchandise in question is composed almost entirely of carbonate of lime, that fact would seem to confirm the testimony for the importers to the effect that the powder in dispute is whiting, and we sustain the claim in the protest that it is dutiable at one-fourth of 1 cent per pound, under paragraph 46.

"The collector's decision is reversed."

Henry C. Platt, Asst. U. S. Atty.
William B. Coughtry, for importers.

LACOMBE, Circuit Judge. The decision of the board of general appraisers is affirmed.